IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ROY W. ARROWOOD, ) | |
| ) | C/A No. 4:06-2158-TLW-TER |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| ) | |
| ROBERT H. MAUNEY, WARDEN; HENRY D. ) | |
| McMASTER, ATTORNEY GENERAL ) | |
| OF THE STATE OF SOUTH CAROLINA, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

Petitioner, Roy Arrowood ("Petitioner/Arrowood"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 28, 2006. Respondents filed a motion for summary judgment on November 1, 2006, along with a return and supporting memorandum. The undersigned issued an order filed November 1, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on November 13, 2006. Respondents were allowed to supplement their return and memorandum to include a copy of a transcript of a hearing held on January 12, 2004. Therefore, a second Roseboro order was issued on January 31, 2007. Petitioner filed a motion for summary judgment on February 26, 2007.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# I. PROCEDURAL HISTORY

The procedural history as set forth by the respondents in their memorandum has not been seriously disputed by the petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the respondents.

Petitioner is currently incarcerated in Northside Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Cherokee County Clerk of Court. Petitioner was indicted in May 1998 for arson, second degree. Don Thompson, Esquire, represented petitioner on the charge. On July 26, 2001, petitioner pleaded guilty as charged. The Honorable Gary E. Clary, heard and accepted the plea. The judge sentenced petitioner to twelve (12) years imprisonment, to be suspended upon service of eight (8) years in favor of five (5) years probation. (PCR App. pp. 22-23). Petitioner did not appeal his plea or sentence.

On November 26, 2001, petitioner filed a *pro se* application for post-conviction relief ("PCR"), in which he raised the following claims:

> 9(a)    ineffective assistance of counsel;
>
> 9(b)    violation of court procedures and constitutional rights;
>
> 9(c)    involuntary or unintelligent plea.

(2001 PCR Application, p. 2).

The State made its return on January 6, 2003. Brooks Moss, Esquire, was appointed to represent petitioner in the action. An evidentiary hearing was held January 12, 2004, before the Honorable J. Derham Cole. On March 12, 2004, the PCR judge issued an order denying relief. Petitioner did not appeal the denial of relief.

On April 13, 2004, petitioner filed a second *pro se* PCR application, and raised the following

allegation:

> The State lacked subject matter jurisdiction to convict defendant of
> $2_{nd}$ degree arson 16-11-110(B).

(2004 PCR Application, p. 3).

The State made its return on July 16, 2004, and moved to dismiss the application as successive and untimely under the state statute of limitations. The State made an amended return and motion to dismiss on April 20, 2004, providing additional case law and argument. Paul C. MacPhail, Esquire, represented petitioner in the action. On March 22, 2005, counsel filed a motion to amend the application and sought to add the following allegation:

> Applicant received ineffective assistance of counsel during the plea
> bargain negotiations

(Motion to Amend, p. 1).

A hearing on the State's motion was held June 20, 2005, before the Honorable J. Mark Hayes, II. The PCR judge issued an order granting the motion to dismiss on February 8, 2006. Petitioner filed *pro se* objections to the order; however, the PCR judge dismissed the objections finding the document not properly before the Court as the document was not signed by nor filed by counsel of record and this State does not recognize hybrid representation. Counsel for petitioner filed a timely notice of intent to appeal of the denial of the relief in the Supreme Court of South Carolina.

On April 13, 2006, the Supreme Court of South Carolina dismissed the notice of appeal finding petitioner failed to show an arguable basis for finding that the PCR judge's ruling denying relief based on the successive and untimely nature of the application was somehow improper. See Rule 227, South Carolina Appellate Court Rules ("If the lower court has determined that the

postconviction relief action is barred as successive or being untimely under the statute of limitations, the petitioner must, at the time the notice of appeal is filed, provide an explanation as to why this determination was improper . . . If the petitioner fails to make a sufficient showing, the notice of appeal may be dismissed."). The Court issued the remittitur on May 2, 2006.

## II. HABEAS ALLEGATIONS

Petitioner raised the following allegation in his *pro se* habeas petition:

>Ground One: Trial counsel's assistance was ineffective.
>
>Ground two: The court lacked subject matter jurisdiction;
>
>Ground three: Violation of Fed. R. Crim. Proc. R. 11;
>
>Ground four: Denial of right to appellate review.

(Petition).

## III. SUMMARY JUDGMENT

On November 1, 2006, respondents filed a return and memorandum of law in support of their motion for summary judgment. Petitioner filed a response.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services,

4

901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).  The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Arrowood filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. §2254(d), as amended.  Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

### V.  DISCUSSION AS TO STATUTE OF LIMITATIONS

The respondents assert that the petitioner's claims must be dismissed as untimely.

Specifically, respondents contend the petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. Respondents argue as follows, quoted verbatim:

> Petitioner's July 26, 2001, plea became final upon expiration of the ten (10) day period in which he could have timely sought direct appeal review. Rule 203(b)(2), South Carolina Appellate Court Rules. Petitioner did not file his state PCR action until November 26, 2001. At that time, one hundred and thirteen (113) days of time not tolled by the statute had lapsed. (August 5, 2001 to November 26, 2001). Petitioner's PCR action concluded at the expiration of the thirty (30) day period in which he could have timely sought appellate review of the March 12, 2004 order of dismissal. Rule 203(b)(1), South Carolina Appellate Court Rules. Petitioner then had two hundred and fifty-two (252) days in which he could have timely sought federal habeas review (365 days less the previous 113 days), or until December 19, 2004 (April 11, 2004 plus 252 days). *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000)("the AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is *suspended* for the period when state post-conviction proceedings are pending in any state court")(emphasis added). *See also Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000)(AEDPA time period does not re-start at conclusion of collateral litigation); *Haney v. Addison*, 175 F.3d 1217, 1220-21 (10th Cir. 1999)(same). Petitioner did not file the instant action until July 27, 2006. Petitioner has not filed a timely petition.
>
> Respondents note that Petitioner did file a second PCR action on April 13, 2004; however, that action was dismissed as successive and untimely. An untimely application for relief will not trigger the tolling provision of the statute. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). Therefore, the second application and appeal is of absolutely no consequence in this calculation.

(Memorandum).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The

7

AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, petitioner did not file a direct appeal. Therefore, his

---

[2] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

plea entered on July 26, 2001, became final upon the expiration of the ten (10) day period in which he could have filed a direct appeal. Petitioner filed his application for PCR on November 26, 2001. Therefore, one hundred and twelve[3] (112) days of non-tolled time passed between the conclusion of the time for direct review and the filing of the PCR application. The period of limitations for filing his federal habeas corpus action was tolled during the pendency of the PCR. As previously stated, petitioner did not appeal the PCR order of dismissal. Thus, the PCR decision of March 12, 2004, became final upon the expiration of the thirty (30) day period in which petitioner could have sought appellate review. As stated under the procedural history, petitioner filed a second PCR application on April 13, 2004, which was dismissed as successive and untimely. Therefore, it was not a "properly filed" PCR application to toll the limitations time period. Thus, petitioner had 253 days (365 days -113 days of non-tolled time= 253 days) to file his habeas petition from April 12, 2004. Petitioner filed this habeas corpus petition on July 28, 2006, with a Houston v. Lack delivery date of July 27, 2006, based on the stamped date on the envelope. Thus, the time is well outside the limitations period.

In his response in opposition, petitioner asserts that his petition should not be dismissed on the limitation issue because it was counsel's failure below to perfect such timing of claims and counsel failed. Petitioner states that he has a fifth grade education and no knowledge of the law and "corroborated counsel's duties to protect such ignorance of a client in representation, then, it should connect to these limitations. . ." (response p. 7-8). The undersigned concludes petitioner's response, with regard to respondents' argument on the limitations issue, is without merit to justify excusing

---

[3] The ten day period in which petitioner could have filed a direct appeal expired on August 5, 2001, which was a Sunday. Therefore, the undersigned began counting the time period beginning Tuesday, August 7, 2001.

the failure to comply with the statue of limitations.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

Additionally, there is no evidence that warrants equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair

> accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Based on the above reasons, the undersigned finds that the respondents' motion for summary judgment (document #9) should be granted as the petitioner's habeas corpus petition is barred by the statute of limitations. It is further recommended that petitioner's motion for summary judgment and declaratory judgment (document #19) be denied.

## VI.  CONCLUSION

As set out above, a review of the record indicates the petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that respondents' motion for summary judgment (document #9) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

It is FURTHER RECOMMENDED that petitioner's motion for summary judgment and declaratory judgment (document #19) be DENIED.

                Respectfully Submitted,

                s/Thomas E. Rogers, III
                Thomas E. Rogers, III
                United States Magistrate Judge

April 30, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**